UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

United States of America

v.

Darius Pizarro,

*Defendant.*

[~~Proposed~~] Protective Order

22 Cr. 454 (VSB)

Upon the application of the United States of America, with the consent of the undersigned counsel, and the defendant having requested discovery under Fed. R. Crim. P. 16, the Court hereby finds and orders as follows:

1. **Disclosure Material.** The Government will make disclosure to the defendant of documents, objects and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. §3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal cases, all of which will be referred to herein as "Disclosure Material." The Government's Disclosure Material may include material that (1) affects the privacy and confidentiality of individuals; (2) would impede, if prematurely disclosed, the Government's ongoing investigation of uncharged individuals; (3) would risk prejudicial pretrial publicity if publicly disseminated; (4) impacts the safety of individuals; and (5) that is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case.

2. **Sensitive Disclosure Material.** Certain of the Government's Disclosure Material, referred to herein as "Sensitive Disclosure Material," contains information that identifies, or could lead to the identification of, witnesses who may be subject to intimidation or obstruction, and

whose lives, persons, and property, as well as the lives, persons and property of loved ones, will be subject to risk of harm absent the protective considerations set forth herein.  Materials to be produced by the Government which contain Sensitive Disclosure Material may be designated as "Sensitive Disclosure Material" by the Government and conspicuously marked as such, either by marking the materials themselves; the file names of the materials; or the folders containing the materials, with the words "Sensitive Disclosure Material"; or labeling the materials as such in correspondence to the defense.   The Government's designation of material as Sensitive Disclosure Material will be controlling absent contrary order of the Court.

3. **Attorneys' Eyes Only ("AEO") Material.**  Certain of the Government's Sensitive Disclosure Material raise a particular risk that witnesses may be subject to intimidation or obstruction, and whose lives, persons, and property, as well as the lives, persons and property of their loved ones, may be subject to a serious risk of harm absent the protective considerations set forth herein.  Materials to be produced by the Government which contain AEO Material may be designated as "Attorney's Eyes Only" by the Government and conspicuously marked as such, either by marking the materials themselves; the file names of the materials; or the folders containing the materials, with the words "Attorney's Eyes Only"; or labeling the materials as such in discovery letters.  The Government's designation of material as Attorney's Eyes Only will be controlling absent contrary order of the Court.

**NOW, THEREFORE, FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED:**

4. Disclosure Material shall not be disclosed by the defendant or defense counsel, including any successor counsel ("the Defense") other than as set forth herein, and shall be used

by the defense solely for purposes of defending this action. The defense shall not post any Disclosure Material or Sensitive Disclosure Material on any Internet site or network site[1] to which persons other than the parties hereto have access, and shall not disclose any Disclosure Material to the media or any third party except as set forth below.

5. Disclosure Material that is not Sensitive Disclosure Material may be disclosed by counsel to: (a) the defendant for purposes of defending this action, (b) personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action; or (c) prospective witnesses for purposes of defending this action.

6. Sensitive Disclosure Material may be disclosed by counsel to the defendant and to personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action; however, Sensitive Disclosure Material shall be kept in the sole possession of counsel or personnel for whose conduct counsel is responsible; shall not be reviewed or maintained by the defendant outside the presence of counsel or personnel for whose conduct counsel is responsible; and shall not be copied or otherwise recorded by the defendant.

7. The defense shall receive any AEO Material on an attorney's eyes only basis, and the defense shall not share any AEO Material or the content of the AEO Material with any other persons, including the defendant, except for any paralegal or staff employed by defense counsel.

---

[1] This does not prohibit counsel for any defendant from using secure private web services, such as "Drop Box," to store Disclosure Material or Sensitive Disclosure Material, provided that the only people with access to such services are those authorized herein to receive Disclosure Material or Sensitive Disclosure Material, or to transfer such material to such authorized recipients.

The defense shall provide a copy of this Order to paralegal or staff employed by defense counsel to whom the defense has disclosed AEO Material. All such persons shall be subject to the terms of this Order. Defense counsel shall maintain a record of what AEO Material has been disclosed to which such persons.

8. The Government may authorize, in writing, disclosure of Disclosure Material beyond that otherwise permitted by this Order without further Order of this Court.

9. This Order does not prevent the disclosure of any Disclosure Material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action. However, Sensitive Disclosure or Attorneys Eyes Only Material pertinent to any motion before the Court should initially be filed under seal, absent consent of the Government or Order of the Court. All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1.

10. In the event of any dispute as to the Government's designation of particular Disclosure Material as Attorneys Eyes Only, the parties shall meet and confer, without prejudice to a subsequent application by defense counsel seeking de-designation of such material by the Court. If the defense moves the Court for de-designation of disputed material, the Government shall respond within three business days of the defense filing, absent further Order of this Court. Absent a contrary order of this Court, the Government's designation of Disclosure Material as Attorneys Eyes Only shall be controlling.

**Return or Destruction of Material**

11. Except for Disclosure Material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all Disclosure Material, including the seized ESI Disclosure Material, within 1-year from when the judgment of conviction becomes final unless a motion under 18 U.S.C. 2255 is filed; or 30 days of the expiration of the period for direct appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; or the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later.  Notwithstanding the foregoing, the defense shall not be required to return, destroy, or delete any Disclosure Material to the extent such return, destruction, or deletion would conflict with any applicable professional or ethical obligation or responsibility of the defense.

12. The defense shall provide a copy of this Order to prospective witnesses and persons retained by counsel to whom the defense has disclosed Disclosure Material or the Government's ESI production.  All such persons shall be subject to the terms of this Order. Defense counsel shall maintain a record of what information has been disclosed to which such persons.

13. This Order places no restriction on a defendant's use or disclosure of ESI that originally belonged to the defendant.

**Retention of Jurisdiction**

14. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court shall retain jurisdiction to enforce this order for the pendency of this case.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney

by: _/s/ Amanda Weingarten_____     Date:  9/1/2022_____
Amanda Weingarten
Assistant United States Attorney


/s/ Jonathan Marvinny_____     Date:  9/1/2022_____
Jonathan Marvinny
Counsel for Darius Pizarro


SO ORDERED:

Dated: New York, New York
       September _2_, 2022

_____Vernon Broderick_____
THE HONORABLE VERNON S. BRODERICK
UNITED STATES DISTRICT JUDGE